IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-114-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ISIAH DENZELL YOUNG, | ) | |
|     Defendant. | ) | |

This matter is before the court on the government's motion in limine. (DE # 59.) Defendant did not file a response, and the time within which to do so has expired.

Pursuant Rules 401 and 403 of the Federal Rules of Evidence, the government requests defendant be prohibited "from presenting questions, testimony, evidence, and/or arguments before the jury dealing with previously resolved questions of law." (Id. at 3.) On defendant's motions to suppress and at the end of the evidentiary hearing on those motions, the court held that the 3 June 2016 checkpoint was constitutional and that the officers had reasonable suspicion to detain defendant. (4/30/19 Tr., DE # 55, at 68-69, 72.) The court agrees with the government that questions, evidence, and argument pertaining to these legal issues are irrelevant to the jury's determination of whether defendant committed the offense charged. Cf. United States v. Wade, 451 F. App'x 173, 179-80 (3d Cir. 2011) (recognizing that "[a]fter [defense] counsel asked [the police officer] about his legal right to search the vehicle, the District Court properly sustained the government's objection to that question because the legality of the search had already been decided, and the Court rightly did not 'want the jury to be confused with the issue of whether this was a proper search or not'" and holding this limitation on cross-examination did not violate the

defendant's right of confrontation). Therefore, the motion is ALLOWED.

This 15 July 2019.

_____
W. Earl Britt
Senior U.S. District Judge